**HOUSING AND REDEVELOPMENT AUTHORITY: LATE FEES:** Statutory cap applies to each overdue rent payment once and may not be applied to a cumulative total of overdue rent that includes rent for which a late fee has previously been assessed. Recalculation of late fee on a partial payment is not required. Minn. Stat. § 504B.177

430



The Office of
**Minnesota Attorney General Keith Ellison**
helping people afford their lives and live with dignity and respect • *www.ag.state.mn.us*

June 30, 2021

**VIA EMAIL: bengblom@duluthhousing.com**

Brandon Engblom, Esq.
General Counsel
Duluth Housing and Redevelopment Authority
222 East 2nd Street, P.O. Box 16900
Duluth, MN 55816-0900

**Re: Request for Opinion Concerning Minn. Stat. § 504B.177(a)**

Mr. Engblom:

Thank you for your correspondence requesting an opinion regarding Minn. Stat. § 504B.177(a), which prohibits landlords from charging a late fee that "exceed[s] eight percent of the overdue rent payment." You ask whether a late fee may be imposed each month on the cumulative total of past due rent payments under this statute. Based on the facts presented, we conclude that a landlord may impose a late fee only once on each past due rent payment, and not on the cumulative total. We also conclude that the statute does not require recalculation of the late fee upon partial payment of past due rent.

## BACKGROUND

Section 504B.177(a) states in part:

A landlord of a residential building may not charge a late fee if the rent is paid after the due date, unless the tenant and landlord have agreed in writing that a late fee may be imposed. The agreement must specify when the late fee will be imposed. In no case may the late fee exceed eight percent of the overdue rent payment.

You provided an example lease used by the Housing and Redevelopment Authority of Duluth (HRA), which provides that late fees are calculated and charged on the unpaid rent on the sixth day of each month. The lease provision states:

*Late Payment Charges*. If you do not pay your rent and all other charges by the fifth day of the month, and the Landlord has not agreed to accept payment at a later date, a 14 day Notice to Pay or Vacate will be issued to you. In addition, you will have to pay a late fee in an amount as allowed by Minnesota Statutes, but not to exceed $25 (twenty-five dollars).

You also provided the following example of how the HRA assesses late fees:

| Date | Description | Charge | Credit | Balance |
|------|-------------|--------|--------|---------|
| January 1 | Rent | $100.00 | | $100.00 |
| January 6 | Late Fee | $8.00 | | $108.00 |
| February 1 | Rent | $100.00 | | $208.00 |
| February 6 | Late Fee | $16.00 | | $224.00 |
| March 1 | Rent | $100.00 | | $324.00 |
| March 6 | Late Fee | $24.00 | | $348.00 |
| March 31 | Payment | | $100.00 | $248.00 |
| April 1 | Rent | $100.00 | | $348.00 |
| April 6 | Late Fee | $24.00 | | $372.00 |

The example illustrates the HRA's practice of imposing an eight percent late fee on the cumulative total of unpaid rent on the sixth day of each month that rent is past due.

You note that in this example on April 6 the total of $72.00 in assessed late fees exceeds eight percent of the total rent due of $300.00. You state that tenant advocates believe the statute requires that on any given day of the month the total amount of late fees cannot exceed eight percent of the total amount of late rent. In the example given, the maximum late fee owed by the tenant on April 6 would be $24.00 under the advocates' interpretation.

## QUESTIONS

You pose the following two questions:

1. If a landlord calculates an eight percent late fee on the total unpaid rent on the date listed in their lease, is the landlord in compliance with Minn. Stat. § 504B.177?

2. In the event that partial payments are credited to the account after the date that the late fee is assessed, is the landlord required to recalculate the outstanding late fees to maintain the eight percent maximum fee?

## QUESTION 1

Your first question is whether the landlord may, as illustrated in the example, charge a late fee each month equal to eight percent of cumulative unpaid rent payments and comply with the statute. We answer this question in the negative.

The object of all statutory interpretation is to ascertain and effectuate the intent of the Legislature. Minn. Stat. § 645.16. Words in a statute are to be given their plain and ordinary meaning. *Engfer v. General Dynamics Adv. Info. Sys., Inc.*, 869 N.W.2d 295, 300 (Minn. 2015). When the language is plain and unambiguous, it must be given effect. *In re Reichmann Land & Cattle, LLP*, 867 N.W.2d 502, 509 (Minn. 2015).

Section 504B.177(a) states that "[i]n no case may the late fee exceed eight percent of the overdue rent payment." The statute thus refers to "the late fee" (singular) on the "the overdue rent payment," again in the singular tense. The statute allows a late fee based on rent due on "the due date," also singular, and requires the lease to provide a specific date on which the late fee will be assessed. *Id.*

The plain and ordinary meaning of this unambiguous language is to cap the fee at eight percent of the particular rent payment that is overdue on a single date in time, and not on the cumulative total of multiple overdue rent payments.

Applying the statute to the illustration provided, January's payment is due January 1; if not paid it is subject to a single eight percent penalty on January 6, and it remains due until paid. The January rent payment is not due again on February 1; nor is it subject to a second late fee. The cap applies to "the overdue rent payment," which became overdue once, on January 6.

Penalizing a late rent payment at the statutory maximum more than once immediately violates the statute because, as shown in the example provided, imposing the maximum late fee multiple times on the same late payment results in the late fee exceeding the eight percent statutory cap. In the example, on February 6 the late fees of $24 exceed eight percent of the total overdue rent of $200.

We are mindful of the canon of statutory construction providing that the singular includes the plural. Minn. Stat. § 645.08(2). If this canon applied here, the statute may allow a late fee not to exceed eight percent of overdue rent "payments." However, canons are applicable "unless their observance would involve a construction inconsistent with the manifest intent of the legislature, or repugnant to the context of the statute." Minn. Stat. § 645.08. In our view, the context of the late fee statute is the non-payment of rent on a particular date to be established in the lease. It therefore makes sense to interpret the statute to apply the cap to that singular date on which a singular rent payment is overdue.

The intent of the Legislature to impose the cap on a singular rent payment and not a cumulative total is further supported by the legislative history. At the Senate Judiciary Committee hearing on the bill that became Minn. Stat. § 504B.177, Senator Limmer asked whether the eight percent cap was an annual limit, or what the eight percent was based on. The following discussion ensued:

Sen. Moua: "Senator Limmer, I think it's eight percent of the rent payment."

Sen. Limmer: "Per month, Madam Chair?"

. . .

> Ron Elwood (Legal Services Advocacy Project): Excuse me, Madam Chair and members, . . . the reason we left it as "of the rent payment" is because sometimes the rent is paid bi-weekly. It's not always a monthly rent, so um I think it's understood that it's whatever the the periodic rent payment would be. . . .
>
> [discussion of inserting "total amount" before "of the rent payment"]
>
> Sen. Scheid: . . . I think I understand what Senator Limmer is getting at. But I think you still don't know for what period that is, so why don't we say on Line 225, "In no case may the late fee exceed a certain percentage of the overdue rent payment," or something to that effect, or excuse me, eight percent of the overdue rent payment, whatever it is, if it's weekly or bi-weekly or monthly.

*Act Relating to Real Property; Landlord and Tenant; . . . Hearing on SF 2595 before the S. Judiciary Comm.*, 86th Legis., 2010 Reg. Session (Minn., Mar. 16, 2010) (Statements of Senators Moua, Limmer, Scheid, members, and Ron Elwood, Supervising Attorney, Legal Services Advocacy Project) (https://www.lrl.mn.gov/media/file?mtgid=860947 File 2 of 2 at 58:42 to 1:02:18). A motion incorporating Senator Scheid's proposed insertion of "the overdue" before "rent payment" passed.

The discussion reveals an intent that the percentage cap apply to an individual rent payment regardless of frequency. If the intent had been to impose the cap based on the cumulative past due balance at a particular point in time (monthly, e.g.), it would not have mattered when the rent payment was due under the lease. That there was an attempt to encompass a variety of payment due dates reflects the intent to apply the percentage cap to each past due rent payment, and to reject application of the fee cap at a particular point in time based on a cumulative balance.

Based on this manifest intent of the Legislature, we believe Minnesota courts would reject application of the canon of statutory construction providing that the singular "rent payment" includes the plural. Minn. Stat. § 645.08. Under Minn. Stat. § 504B.177(a), a landlord may not charge a late fee equal to eight percent of the total unpaid rent when the total includes an overdue rent payment for which a late fee has already been assessed.

## QUESTION 2

The second question posed is whether the landlord is required to recalculate the permissible late fee under the statutory cap when a partial payment is made. In light of our interpretation of the statute to allow a one-time imposition of a late fee for a singular past due rent payment, we conclude that it is not necessary to recalculate the late fee upon partial payment of the rent. That is because, if a late fee is validly imposed, it is still owed even if a partial rent payment is later made.

Brandon Engblom, Esq.
June 30, 2021
Page 5

We do not believe the phrase "in no case" in the statute alters this analysis. The Legislature uses this phrase in other contexts to signal absolute limits. See, e.g., Minn. Stat. § 15.0575, subd. 2 (service "in no case" later than July 1); Minn. Stat. § 48.24, subd. 2 (mortgage loans "in no case" to exceed 50 percent of cash value of security); and Minn. Stat. § 244.04, subd. 2 (loss of good time "in no case" more than 90 days). In the context of the late fee statute, the tenant could argue that "in no case" requires reassessment to keep the late fee under eight percent of the existing balance at all times during the period of delinquency.

However, as noted above the statute is written in terms of a single late fee imposed on a set date for a singular overdue rent payment. In this context, the "case" to which "in no case" refers is that individual late fee imposed on the particular date, and not a fluctuating fee based on the current balance of past due rent.

This conclusion is supported by considering the consequences of requiring recalculation of the late fee upon partial payment and the "mischief" to be remedied by the statute. Minn. Stat. § 645.16(3) and (6). Recalculation of the late fee based on partial payment would incentivize the use of partial payments to reduce or avoid the late fee. Assume a tenant was three months behind in $100 per month rent payments, and had been assessed the statutory maximum $24 in late fees. If a partial payment of $250 is made, reassessment of the late fee would reduce it to $4 ($50 x .08 = $4).

In our view, this result is contrary to the legislative intent to incent the payment of rent without excessively burdening the tenant.[1] If a tenant could pay 95% of the balance due on the last day of the month, and require a corresponding immediate reduction of a previously imposed late fee, the intent of the Legislature to allow for reasonable late fees is thwarted.

We believe interpreting Minn. Stat. § 504B.177(a) to not require reassessment of the late fee upon partial payment is more consistent with the statutory text and legislative intent. We also conclude, in response to your first question, that the statutory cap applies to each overdue rent payment once, on the date set forth in the lease, and may not be applied to a cumulative total of overdue rent that includes rent for which a late fee has previously been assessed. Application of these interpretations to the tenant account you provided as a sample, and assuming the March 31 payment is applied to past due amounts and not the April rent payment, yields the following:

| Date | Description | Charge | Credit | Balance |
|------|-------------|--------|--------|---------|
| January 1 | Rent | $100.00 | | $100.00 |
| January 6 | Late Fee | $8.00 | | $108.00 |
| February 1 | Rent | $100.00 | | $208.00 |
| February 6 | Late Fee | $8.00 | | $216.00 |

---

[1] *Act Relating to Real Property; Landlord and Tenant; . . . Hearing on SF 2595 before the S. Judiciary Comm.*, 86th Legis., 2010 Reg. Session (Minn., Mar. 16, 2010) (Statement of Ron Elwood, Supervising Attorney, Legal Services Advocacy Project) (https://www.lrl.mn.gov/media/file?mtgid=860947 File 2 of 2 at 55:15 – 56:01.)

| March 1 | Rent | $100.00 | | $316.00 |
|---------|----------|---------|---------|---------|
| March 6 | Late Fee | $8.00 | | $324.00 |
| March 31 | Payment | | $100.00 | $224.00 |
| April 1 | Rent | $100.00 | | $324.00 |
| April 6 | Late Fee | $8.00 | | $332.00 |

We hope this opinion is helpful and thank you again for your correspondence.

Sincerely,

*Susan C. Gretz*

SUSAN C. GRETZ
Assistant Attorney General
(651) 757-1336

|#4986186-v1